## CLIFTON *v.* ROSS.

Opinion delivered December 22, 1894.

*Liability of principal to reimburse agent.*

An agent who is requested to purchase a certain machine for his principal is authorized, if necessary, to pay the fair market price therefor, whether there was any price agreed upon or not, and to recover the same from the principal.

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

### STATEMENT BY THE COURT.

The facts in this case are as follows: The appellee, Ross, who is a farmer, came to appellant, Clifton, who has a blacksmith and repair shop in the town of Camden, and consulted him about the purchase of a mill with which to grind up cotton seed. Clifton was not a dealer in mills and machines, but he repaired them, and had in his shop a catalogue of the N. O. Nelson Manufacturing Company. He and Ross looked through this catalogue, and finally selected a mill, called the "Lipse Huller and Grinder," that they concluded would answer the purposes for which Ross wanted it. A week or two afterwards, Ross instructed Clifton to order the mill that they had selected. When the mill came, Ross refused to accept it. His reasons for thus refusing were that it was much smaller than he had supposed it would be, and he did not think it would separate the hull of the seed from the kernel, and that unless it would do that

he did not want it. Clifton, having ordered the machine in his own name, was, according to his statement, compelled to pay for it, and he brought suit before a justice of the peace to recover the amounts he had expended. He obtained judgment, and Ross appealed. On the trial in the circuit court, Ross testified that no price to be paid for the mill was agreed upon by him and Clifton. Among other instructions the court gave the following, numbered five, at the request of the defendant: "If you find from the evidence that the defendant did order a certain mill by plaintiff, and that there was no price agreed upon as to the mill, then there was no sale, and you will find for defendant." This instruction was excepted to by the appellant. There was a verdict and judgment in favor of Ross and Clifton appealed.

*T. J. Gaughan* for appellant.

1. It is not necessary that a price be agreed upon to consummate a sale. Benjamin, Sales, p. 85; 73 Ala. 175, 182; 27 Ark. 77; 3 Am. Rep. 40.

2. Clifton was Ross' agent, and he is bound for the price of the machine. Mech. Ag. sec. 365. An agent is entitled to be reimbursed for his advances, expenses and disbursements properly incurred and paid on account of and for the benefit of his principal. 7 W. Va. 585; 45 Ga. 501; 86 Pa. St. 120; 57 Ga. 362; 69 Ill. 575; 1 Rawle (Pa.), 126.

RIDDICK, J., (after stating the facts). The question for us to determine is whether the circuit court erred in instructing the jury that if no price was agreed upon for the mill, they must find for defendant. To constitute a sale it is not necessary that the parties agree on a price, for, if no price is fixed by the parties, the law implies that it shall be what the thing sold is reasonably worth. This is said to be elementary law.

Note to Bennett's Ed. Benjamin on Sales, 90; *Taft* v. *Travis*, 136 Mass. 95.

But if the testimony of Clifton is true, he did not sell the mill to Ross, but purchased it for him; and it is a general rule of law that all reasonable and necessary outlays and advances paid by an agent for his principal in the course of his employment must be repaid by the latter. Wharton, Ag. secs. 313 and 314; Mechem's Cases on Agency, 543; *Bibb* v. *Allen*, 149 U. S. 481.

A request to undertake an agency or employment, the proper execution of which involves the expenditure of money on the part of the agent, operates not only as an implied request on the part of the principal to incur such expenditure, but also as a promise to repay it. Mechem's Cases on Agency, 544.

If, without being induced by fraud or misrepresentation on the part of Clifton, Ross requested Clifton to purchase a mill, and Clifton, in the execution of such an undertaking, or as a result of it, was compelled to pay for the mill, then Ross is liable for such expenditure, if the same be reasonable, and this whether there was any price agreed upon or not. In the absence of any agreement or direction about the price to be paid, Clifton would, in such a case, ordinarily have the right to pay the fair market price for such mill, and to recover the same from Ross.

The court properly held that, as between Clifton and Ross, such a transaction did not come within the statute of frauds, but, for the reasons stated above, we think the court erred in giving instruction numbered five. Its judgment is therefore reversed, and the cause remanded for a new trial.

Bunn, C. J., being disqualified, did not participate.